IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,            :
                v.                   : Case No. 3:07-cr-27-KRG-KAP
JERALD McCULLOUGH,                   :
                Movant               :

### Report and Recommendation

### Recommendation

Jerald McCullough filed a motion titled "Emergency Motion to Reduce Sentence Re: Amendment 750 Crack Cocaine Offense 18:3582," docket no. 55, referred to me under 28 U.S.C.§ 636(b). It should be denied.

### Report

This Court sentenced movant Jerald McCullough on July 2, 2009, to a term of 240 months imprisonment, after his change of plea on February 23, 2009, to Count Four of an indictment charging him with possession with intent to distribute fifty grams or more of crack cocaine, see 21 U.S.C.§ 841(a)(1) and (b)(1)(B)(iii)(2007). There was no direct appeal. McCullough filed a motion to vacate his sentence on November 2, 2009, docket no. 49, as well as a motion titled "Motion for Modification of Sentence under Potential House Bill 3245," docket no. 48. Both were denied, docket no. 53, docket no. 52, and there was no appeal.

Jerald McCullough now seeks resentencing under 18 U.S.C.§ 3582(c) to a lesser sentence, based on United States Sentencing Guidelines Amendments 750 and 759, and the Fair Sentencing Act of 2010, Pub.L. 111-220, 124 Stat. 2372 (August 3, 2010). The Fair

Sentencing Act changed the drug quantities of cocaine base necessary to trigger statutory mandatory minimums (a 5 year minimum now requires 28 grams (formerly 5 grams); a 10 year minimum now requires 280 grams (formerly 50 grams)). The Act does not apply retroactively to Jerald McCullough because he was sentenced before the Act was effective and the Act contains no relevant retroactivity provision. See United States v. Dickey, 459 Fed. Appx. 96, 98 (3d Cir.2012).

The United States Sentencing Commission adopted Amendment 750 to the United States Sentencing Guidelines to apply the statutory changes of the Act to the base offense conduct level scores for corresponding quantities of crack cocaine under United States Sentencing Guidelines § 2D1.1; Amendment 759 was effective November 1, 2011, to make Amendment 750 apply retroactively to persons who were sentenced before the Act's effective date.

Jerald McCullough was subject to a mandatory minimum sentence of twenty years because of the quantity of cocaine base and because the government, pursuant to the plea agreement, filed an information pursuant to 21 U.S.C.§ 851, charging him with a prior drug trafficking offense. Based on Jerald McCullough's prior convictions and the weight of crack alone, United States Sentencing Guidelines §2D1.1 would have resulted in an advisory sentencing guideline range of 87-108 months. At sentencing, the Court also determined that due to his prior convictions for drug trafficking

offenses, Jerald McCullough was a career offender under United States Sentencing Guidelines §4B1.1. Under Section 4B1.1, the intersection of Jerald McCullough's presumptive offense conduct level 34 and deemed criminal history category VI resulted in an advisory sentencing range of 262-327 months. The Court imposed a sentence of 240 months; in other words, the sentence finally imposed was a downward departure from the career offender guideline sentence to the minimum mandatory.

A sentencing court has the power to modify a sentence after it otherwise becomes final "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C.§ 994(o)." 18 U.S.C.§ 3582(c). The dispositive question is whether Jerald McCullough's sentence was "based on" a sentencing range reduced by Amendment 750. If not, then this court cannot lower his sentence under Section 3582 because Amendment 750 did not lower his applicable guideline range. See United States Sentencing Guidelines § 1B1.10(a).

The answer is given by United States v. Barney, 672 F.3d 228 (3d Cir.2012). In Barney, a career offender who at sentencing had received a downward departure under United States Sentencing Guidelines §4A1.3, argued that Amendment 706 (which reduced the cocaine powder/crack disparity to sentences calculated under United States Sentencing Guidelines §2D1.1) applied to him. The circuit

3

held that because Barney was a career offender, that he had received a departure did not change the fact that the guideline range "applicable to" him was the career offender range of Section 4B1.1, and not the crack cocaine range of Section 2D1.1. Because Amendment 706 did not reduce the guideline range for career offenders, the circuit concluded, Barney could not benefit from Amendment 706.

That the Act would reduce the mandatory minimum for possession of the amount of crack movant pleaded to, if movant pleaded today, does not help him here. According to Barney, movant's applicable guideline is the career offender guideline. His sentence was not affected by the Act, and he was sentenced based on a range not lowered by Amendment 750. Movant Jerald McCullough is therefore not entitled to relief under Section 3582.

Looked at from the other end, if movant McCullough were entitled to relief, Amendment 750 would only allow a departure from the career offender range to the otherwise applicable mandatory minimum of 240 months, because Section 3582 does not permit a reduction where the operation of a statutory mandatory minimum overrides the guideline range calculation. See United States Sentencing Guidelines § 1B1.10, Commentary 1; see also Amendment 750, Reason for Amendment, ¶7: "In addition, some offenders are sentenced at the statutory mandatory minimum and therefore cannot have their sentences lowered by an amendment to the guidelines."

4

Based on Jerald McCullough's change of plea and the Section 851 information, the court has no power to reduce the sentence below the mandatory minimum of 240 months. See United States v. Kellum, 356 F.3d 285, 289 (3d Cir.2004)(only exceptions to mandatory minimum are motion under Section 5K1.1 based on substantial assistance, see 18 U.S.C.§ 3553(e), or safety valve provision of 18 U.S.C.§ 3553(f)). Relief under Section 3582 is therefore not available to movant Jerald McCullough at this time.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to file written objections to this Report and Recommendation.

DATE: _September 25, 2012_

_Keith A. Pesto,_
Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Jerald McCullough, Reg. No. 43443-037
F.C.I. Elkton
P.O. Box 10
Lisbon, OH 44432